IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,470-01






EX PARTE JUAN VILLARREAL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08-CR-3879-G(2) IN THE 319TH DISTRICT COURT


FROM NUECES COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of twelve counts of
aggravated sexual assault of a child and sentenced to life imprisonment in each. He was also
convicted of two counts of indecency with a child and was sentenced to ten years' imprisonment in
each. The Thirteenth Court of Appeals affirmed his conviction. (Villarreal v. State, No. 13-09-00187-CR (Tex. App.-Corpus Christi May 20, 2010) (unpublished). 

 Applicant contends that trial counsel rendered ineffective assistance that rendered his pleas
involuntary because, inter alia, counsel did not inform him of the possibility that the judge might
not grant deferred adjudication community supervision. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall make specific findings of fact addressing
Applicant's claim that trial counsel assured him that he would receive community supervision if he
pleaded open to the judge without advising him of the possibility of prison sentences. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: June 20, 2012

Do not publish